EXHIBIT "1"



# Notice of Service of Process

null / ALL
Transmittal Number: 13989462
Date Processed: 07/08/2015

| | |
|---|---|
| **Primary Contact:** | Rene Jent<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |
| **Entity:** | The Kroger Co.<br>Entity ID Number  2171751 |
| **Entity Served:** | The Kroger Co. |
| **Title of Action:** | Kimberly Lewis vs. The Kroger Co |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Riverside County Superior Court, California |
| **Case/Reference No:** | RIC1506132 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/07/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Tony R. Skogen, Jr.<br>858-404-9800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | SUM-100 |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE KROGER CO., an Ohio corporation; RIVERSIDE CREAMERY, a business entity form unknown; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIMBERLY LEWIS, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court Of California
County Of Riverside
05/21/2015
W. BROWN
BY FAX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court

**CASE NUMBER:** *(Número del Caso):*
RIC1506132

Historic Courthouse
4050 Main Street, Riverside, CA, 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tony R. Skogen, Jr., 3636 Nobel Drive, Suite 215, San Diego, CA 92122, (858) 404-9800

DATE: *(Fecha)* 5/21/15          Clerk, by *(Secretario)* W. BROWN          , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Kroger Co., an Ohio Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Tony R. Skogen, Jr. (SBN: 236372)
      skogen.tony@gmail.com
2   ROWE MULLEN LLP
      3636 Nobel Drive, Suite 215
3   San Diego, CA 92122
      (858) 404-9800
4   (858) 404-9833 (FAX)

5   Attorneys for Plaintiff Kimberly Lewis

**FILED**
Superior Court Of California
County Of Riverside
05/21/2015
W. BROWN
BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE – HISTORIC COURTHOUSE

| | |
|---|---|
| KIMBERLY LEWIS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO., an Ohio corporation; RIVERSIDE CREAMERY, a business entity form unknown; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. RIC1506132 <br><br> PLAINTIFF'S COMPLAINT FOR <br><br> 1) DISCRIMINATION <br> 2) RETALIATION <br> 3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

     Plaintiff, KIMBERLY LEWIS (hereinafter referred to as "Plaintiff") complains and alleges against the above-named Defendants, THE KROGER CO., an Ohio Corporation, RIVERSIDE CREAMERY, a business entity form unknown, and DOES 1 through 10 (hereinafter collectively referred to as "Defendants"), inclusive, and each of them for causes of action as follows:

### PARTIES AND JURISDICTION

     1. Defendant THE KROGER CO. (hereinafter "Kroger"), is, and at all times mentioned herein was, an Ohio Corporation conducting business in California.

     2. Defendant RIVERSIDE CREAMERY (hereinafter "Creamery"), is, and at all times mentioned herein was, a business entity form unknown conducting business in California.

-1-
PLAINTIFF'S COMPLAINT FOR DAMAGES

3. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, at all relevant times herein were, a person, a limited liability company or other business entity operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-10. The full extent of the facts linking the fictitiously designated Defendants with the causes of action alleged herein is unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained. Said Defendants are sued as principals and/or agents, and employees of said principals, and all of the acts performed by them as agents, and employees were performed within the course and scope of their authority and employment. Based on information and belief, Plaintiff alleges that each and every Defendant designated as a DOE was responsible for the events referred to herein and in some manner caused the injuries to the Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

5. At all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, joint ventures', successors-in-interests, and assigns, each of the other, and all times pertinent hereto were acting within the course and scope of their authority as such agents, servants, employees, joint ventures', successors and assigns.

6. Jurisdiction is proper in this Court because alleged damages exceed $25,000.00.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. On or about February 15, 2012, Plaintiff's employment began with Defendants. Plaintiff was employed with Defendants, and each of them, as a Production Supervisor.

8. Defendants regularly employed five or more persons at all relevant times herein, and is an "Employer" as defined under Government Code §12926(d).

9. At all times mentioned herein, Defendants qualified as an "employer" as defined by 29 USC §2611(4).

10. At all relevant times herein, Plaintiff qualified as an "eligible employee" as defined by 29 USC §2611(2).

11. On or about February 26, 2015 Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH") alleging, among other things, retaliation and discrimination. A copy of the DFEH complaint is attached as EXHIBIT "A."

12. On or about February 26, 2015 the DFEH issued a Notice of Case Closure and granted Plaintiff an immediate Right-To-Sue. The Notice of Case Closure is attached as EXHIBIT "B.

### FIRST CAUSE OF ACTION

**(Plaintiff Alleges Discrimination in Violation of Government Code § 12940(a) Against All Defendants)**

13. Plaintiff re-alleges and incorporates under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

14. Defendants employed Plaintiff as a Production Supervisor from on or about February 15, 2012 until the date of Plaintiff's termination on March 12, 2014.

15. Defendants discharged Plaintiff, and Plaintiff's race was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

16. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered damages, including but not limited to economic and humiliation, severe mental anguish and emotional distress, in an amount according to proof at trial. Further, Plaintiff has incurred and continues to incur attorney's fees and costs to enforce her rights, which Plaintiff will seek to recover pursuant to Government Code §12965(b).

17. The aforementioned acts of Defendants were willful, wanton, malicious and oppressive and justify the awarding of exemplary and/or punitive damages according to proof.

### SECOND CAUSE OF ACTION

**(Retaliation in Violation of 29 U.S.C. §2615(a) and 29 CFR 825.220 Against All Defendants)**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

18. Plaintiff re-alleges and incorporates under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

19. In October of 2013, Plaintiff took leave under the Family Medical Leave Act ("FMLA") due to a medical emergency. Plaintiff returned to work on January 7, 2014 in a limited capacity.

20. On March 12, 2014, Plaintiff was discharged from her employment, and Plaintiff's leave request was a substantial motivating reason for her termination.

21. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered damages and will continue to suffer general and special damages, including loss of income and other valuable job rights in an amount according to proof. As a further proximate, foreseeable and direct result of Defendant's conduct, Plaintiff has incurred and will continue to incur attorney's fees, costs and witness fees to enforce her rights, which Plaintiff will seek to recover pursuant to 29 USC § 2617(a)(3).

22. The aforementioned acts of Defendants were willful, wanton, malicious and oppressive and justify the awarding of exemplary and/or punitive damages according to proof.

**THIRD CAUSE OF ACTION**

**(Plaintiff Alleges Wrongful Termination in Violation of Public Policy Against All Defendants)**

23. Plaintiff re-alleges and incorporates under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

24. Plaintiff requested leave under the FMLA. The FMLA reflects a fundamental public policy that employees be granted the right to reinstatement if they must take a leave of absence from work to recover from a health condition that renders the employee temporarily unable to perform the functions of their job. Such policy was binding on Defendants.

25. Defendants terminated Plaintiff, and a substantial motivating factor for Defendant's decision to terminate Plaintiff was because Plaintiff's request to take FMLA leave.

26. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered damages and will continue to suffer general and special damages, including loss of income and

other valuable job rights in an amount according to proof. As a further proximate, foreseeable and direct result of Defendant's conduct, Plaintiff suffered and continues to suffer physical harm, humiliation, embarrassment, mental and emotional distress and discomfort, all to Plaintiff's damages in an amount according to proof.

27. The aforementioned acts of Defendants were willful, wanton, malicious and oppressive and justify the awarding of exemplary and/or punitive damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive damages;
4. For costs and attorneys' fees pursuant to Government Code Section 12965(b);
5. For costs and attorneys' fees pursuant to 29 USC § 2617(a)(3);
6. For an award of interest, including prejudgment interest, at the legal rate; and
7. For such other relief as the Court deems proper.

Dated:     May 21, 2015              ROWE | MULLEN LLP

By: _____
Tony Ray Skogen Jr.
Attorneys for Plaintiff
KIMBERLY LEWIS